1  TIMOTHY J. YOO (State Bar No. 155531)
   tjy@lnbyb.com
2  CARMELA T. PAGAY (State Bar No. 195603)
   ctp@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, California  90067
   Telephone:  (310) 229-1234
5  Facsimile:  (310) 229-1244

6  Attorneys for Heide Kurtz
   Chapter 7 Trustee

7

8            UNITED STATES BANKRUPTCY COURT
             CENTRAL DISTRICT OF CALIFORNIA
9               LOS ANGELES DIVISION

10

11 In re                            Case No. 2:10-bk-16012-BR

12 TOD S. RANKIN and PEGGY RANKIN,  Chapter 7

13           Debtors.               **CHAPTER 7 TRUSTEE'S MOTION
                                    FOR ORDER: (1) AUTHORIZING
14                                  SALE OF ESTATE'S RIGHT, TITLE,
                                    AND INTEREST IN PERSONAL
15                                  PROPERTY; (2) APPROVING
                                    OVERBID PROCEDURE; AND (3)
16                                  FINDING PURCHASER IS A GOOD
                                    FAITH PURCHASER;
17                                  MEMORANDUM OF POINTS AND
                                    AUTHORITIES AND DECLARATIONS
18                                  IN SUPPORT**

19                                  [Promissory Note]

20                                  Date:  May 25, 2011
21                                  Time:  10:00 a.m.
                                    Place: Courtroom 1668
22                                         Roybal Federal Building
23                                         255 East Temple Street
                                           Los Angeles, CA 90012
24

25

26 ///

27 ///

28

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Heide Kurtz, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Tod S. Rankin and Peggy Rankin, respectfully moves this Court, pursuant to 11 U.S.C. §§ 363(b) and (m), and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure, for an order (1) authorizing the Trustee to sell the estate's right, title, and interest in a certain promissory note (the "Property"); (2) approving the overbid procedure set forth herein; and (3) finding that the purchaser is a good faith purchaser (the "Motion").

The essential terms of the proposed sale are as follows:

a.    Purchaser: Frank L. Broyles ("Purchaser");

b.    Purchase Price: $23,000 ("Purchase Price"), payable by June 15, 2011; and

c.    Condition of the Property: The Property will be sold on an "as is" and "where is" basis, without any representations or warranties of any kind.

The Motion is brought to authorize the sale of the Property to the Purchaser.

Furthermore, the Trustee moves the Court for an order authorizing the following overbid procedures given the interest shown by individuals from outside of California who will be unable to attend the hearing: (1) any person interested in submitting an overbid on the Property must deliver in writing to the Trustee's counsel no later than 4:00 p.m. PST on May 20, 2011 (the "Deadline") his best offer for the Property; (2) overbidders must purchase the Property on the same terms and conditions as the Purchaser; (3) following the Deadline, the Trustee's counsel shall advise the Purchaser of the best overbid received and allow the Purchaser to submit a further offer if he chooses; (4) the Trustee's counsel shall file a status report with the Court 2 days prior to the hearing on the Motion concerning all offers received and the highest and best offer being submitted for approval; and (5) in the event the Purchaser or the successful overbidder cannot

timely complete the purchase of the Property, the Trustee shall be authorized to proceed with the sale to the next highest overbidder.

In support of this Motion, the Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declarations of Heide Kurtz and Frank L. Broyles attached hereto, the other pleadings and orders already on file in this case, and on such other argument and evidence as may be presented by counsel at the time of the hearing.

Accordingly, the Trustee respectfully requests that this Court enter an Order:

1. Approving the above sale of the Property to the Purchaser or the successful overbidder;

2. Finding that the Purchaser or the successful overbidder purchased the Property in "good faith," as defined in 11 U.S.C. § 363(m);

3. Providing that the Trustee is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the proposed sale;

4. Providing that the notice given by the Trustee in connection with the sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

5. Approving the overbid procedure herein;

6. Waiving the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

///

///

///

///

1       7.      Granting such other and further relief as is just and appropriate.

2    DATED: May 4, 2011                    LEVENE, NEALE, BENDER, YOO &
                                           BRILL L.L.P.
3

4                                          By: _Carmela T Pagay_____
5                                              CARMELA T. PAGAY
                                               Attorneys for Heide Kurtz
6                                              Chapter 7 Trustee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    Case Background

Tod S. Rankin and Peggy Rankin (the "Debtors") commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on February 19, 2010. Thereafter, Heide Kurtz was appointed as the Chapter 7 trustee of the Debtors' estate.

Among the assets scheduled by the Debtors is an inherited 8% partial interest in a promissory note (the "Property") (see Exhibit 1 hereto) described as follows:

- Original principal amount: $822,500
- Effective date: December 1, 2005 subject to adjustment per note
- Maker: Gary J. Kissling and Nancy G. Kissling
- Non-default interest rate: Six percent per annum
- Original payee under the promissory note: JobDot, LLC
- Secured by a Deed of Trust against Lots 9, 10, 11, Block 89, town of North Yakima, WA
- Servicing agent: Evergreen Note Servicing ("Evergreen")

True and correct copies of the subject promissory note and related deed of trust are collectively attached as Exhibit 2 hereto and are incorporated herein by reference.

In accordance with her request to Evergreen, the Trustee has been receiving monthly payments on the Note in the amount of $540.00.

///

///

///

**B.     The Proposed Sale**

Subject to Court approval, the Trustee proposes to sell the Property, pursuant to the

following essential terms:

      a.     <u>Purchaser</u>: Frank L. Broyles ("Purchaser");

      b.     <u>Purchase Price</u>: $23,000 ("Purchase Price"), payable by June 15, 2011; and

      c.     <u>Condition of the Property</u>: The Property will be sold on an "as is" and

"where is" basis, without any representations or warranties of any kind.

**C.     The Proposed Overbid Procedures**

While the Trustee is prepared to consummate the sale with the Purchaser, she is also

interested in obtaining the maximum price for the Property.  Therefore, the Trustee seeks

approval of the following overbid procedures given the interest shown by individuals from

outside of California who will be unable to attend the hearing: (1) any person interested in

submitting an overbid on the Property must deliver in writing to the Trustee's counsel no later

than 4:00 p.m. PST on May 20, 2011 (the "Deadline") his best offer for the Property; (2)

overbidders must purchase the Property on the same terms and conditions as the Purchaser; (3)

following the Deadline, the Trustee's counsel shall advise the Purchaser of the best overbid

received and allow the Purchaser to submit a further offer if he chooses; (4) the Trustee's

counsel shall file a status report with the Court 2 days prior to the hearing on the Motion

concerning all offers received and the highest and best offer being submitted for approval; and

(5) in the event the Purchaser or the successful overbidder cannot timely complete the purchase

of the Property, the Trustee shall be authorized to proceed with the sale to the next highest

overbidder.

The Trustee believes that the proposed overbid procedure, notice of which has been

given to all creditors and interested parties, will maximize the price ultimately obtained for the

Property as well as protect the estate from parties who may wish to participate in the overbid

procedure, but who are ultimately unable to consummate the sale transaction. Accordingly, the

Trustee requests that the Court authorize the overbid procedure discussed above.

**D.    Notice To Creditors**

Notice of this Motion has been transmitted to all creditors in accordance with Fed. R.

Bankr. P. 2002(a)(2), 6004(a) , and is being filed concurrently herewith.

**II.**

**ARGUMENT**

**A.    The Proposed Sale Is In The Best Interest Of The Estate**

Section 363(b)(1) of the Bankruptcy Code provides that:

> The trustee, after notice and a hearing, may  use, sell, or lease,
> other than in the ordinary course of business, property of the
> estate.

11 U.S.C. § 363(b)(1).  The standard of review used in determining approval of a proposed

sale of property is whether sound business reasons support the sale outside the ordinary course

of business. In re Walter, 83 B.R. 14, 19 (9th Cir. BAP 1988); In re Lionel Corp., 722 F.2d

1063, 1066 (2d Cir. 1983).  In order for a sale to be approved under section 363 of the

Bankruptcy Code, the purchase price must be fair and reasonable.  In re Coastal Indus., Inc., 63

B.R. 361 (Bankr. N.D. Ohio 1986).

In the present case, the Trustee believes that the sale of the Property under the terms

and conditions set forth above is supported by sound business reasons and is in the best interest

of the estate.  Although the Debtors scheduled the value of the Property as $57,000, they

themselves only offered $10,000 to purchase the estate's interest in the Property.  After the

other co-payees passed on the opportunity to submit an offer on the Property, the Property was

advertised on both the Bankruptcy Court's website and www.bankrupctcysales.com.  While

the Trustee received several offers, the offer being submitted herein is the highest offer

received.    Thus, the Trustee submits that proposed purchase price is a more than fair and

reasonable price for the Property.  Moreover, the proposed sale should net the estate $23,000

as the Trustee does not believe that the Property is subject to any liens.  In sum, the proposed

sale represents a sound exercise of the Trustee's business judgment.

**B.**    **The Court Should Find That The Purchaser Is A Purchaser In "Good**

**Faith" In Accordance With Bankruptcy Code Section 363(m)**

As noted above, the Trustee requests as part of the approval of the proposed sale

transaction that the Court find that the Purchaser is a "good faith" purchaser within the

meaning of section 363(m) of the Bankruptcy Code.  As set forth in the Declaration of Frank

L. Broyles attached hereto, there is no affiliation between the Purchaser and the Trustee, the

Debtors, or the estate.

Section 363(m) provides that "[t]he reversal or modification on appeal of an authorization

under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity

of a sale or lease under such authorization to an entity that purchased or leased such property in

good faith . . . ."  11 U.S.C. § 363(m).  Under section 363(m) of the Bankruptcy Code, "an appeal

of a bankruptcy court's ruling on a foreclosure action [or sale] generally cannot affect the rights

of a good faith purchaser of the foreclosed property, unless the debtor [or other complaining

party] stays the foreclosure [or other] sale pending an appeal." In re Mann, 907 F.2d 923, 926 (9th

Cir. 1990) .  "[T]he primary goal of the mootness rule [embodied in section 363(m)] 'is to protect

the interest of a good faith  purchaser . . . of the property,' thereby assuring finality of sales." In re

Onouli-Kona Land Co., 846 F.2d 1170, 1173 (9th Cir. 1988) (quoting In re Suchy, 786 F.2d 900,

901-02 (9th Cir. 1985) ); In re Ewell, 958 F.2d 276, 280 (9th Cir. 1992) .  That goal is important in

this case because the Purchaser needs assurance that the purchase of the Property will not be subject to future attack by objecting creditors or a frivolous appeal.

## III.

## CONCLUSION

Accordingly, the Trustee respectfully requests that this Court enter an Order:

1.     Approving the above sale of the Property to the Purchaser or the successful overbidder;

2.     Finding that the Purchaser or the successful overbidder purchased the Property in "good faith," as defined in 11 U.S.C. § 363(m);

3.     Providing that the Trustee is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the proposed sale;

4.     Providing that the notice given by the Trustee in connection with the sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

5.     Approving the overbid procedure herein;

6.     Waiving the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

///

///

///

///

///

7.    Granting such other and further relief as is just and appropriate.

DATED: May 4, 2011

LEVENE, NEALE, BENDER, YOO &
BRILL L.L.P.

By: _____
       CARMELA T. PAGAY
       Attorneys for Heide Kurtz
       Chapter 7 Trustee

# DECLARATION OF HEIDE KURTZ

I, Heide Kurtz, declare as follows:

1.     I am the duly-appointed, qualified, and acting Chapter 7 trustee for the bankruptcy estate of Tod S. Rankin and Peggy Rankin. I make this declaration in support of the attached Motion. I have personal knowledge of the following facts, and if called upon and sworn as a witness, I could and would competently testify thereto. Unless the context indicated otherwise, capitalized terms herein shall have the same meaning as defined in the Motion.

2.     Among the assets scheduled by the Debtors is an inherited 8% partial interest in a promissory note (the "Property") (see Exhibit 1 hereto) described as follows:

- Original principal amount: $822,500

- Effective date: December 1, 2005 subject to adjustment per note

- Maker: Gary J. Kissling and Nancy G. Kissling

- Non-default interest rate: Six percent per annum

- Original payee under the promissory note: JobDot, LLC

- Secured by a Deed of Trust against Lots 9, 10, 11, Block 89, town of North Yakima, WA

- Servicing agent: Evergreen Note Servicing ("Evergreen")

True and correct copies of the subject promissory note and related deed of trust are collectively attached as Exhibit 2 hereto and are incorporated herein by reference.

3.     In accordance with my request to Evergreen, I have been receiving monthly checks on the promissory note in the amount of $540.

4.     The Debtors had offered $10,000 to purchase the estate's interest in the Property, which was not consummated. After the other co-payees passed on the opportunity to submit an offer on the Property, the Property was advertised on both the Bankruptcy Court's website and

www.bankrupctcysales.com.  I thereafter received several offers for the Property and am submitting the best offer received for approval.

     5.     Subject to Court approval, I propose to sell the Property pursuant to the following essential terms:

     a.     <u>Purchaser</u>: Frank L. Broyles ("Purchaser");

     b.     <u>Purchase Price</u>: $23,000; and

     c.     <u>Condition of the Property</u>: The Property will be sold on an "as is" and "where is" basis, without any representations or warranties of any kind.

     6.     I believe that the overbid procedure proposed in the Motion, notice of which has been given to all creditors and interested parties, will maximize the price ultimately obtained for the Property as well as protect the estate from parties who may wish to participate in the overbid procedure, but who are ultimately unable to consummate the sale transaction.

     7.     As detailed in the Motion, the sale of the Property should generate approximately $23,000 for the estate.  Accordingly, I believe the proposed sale of the Property is in the best interest of the estate.

     I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on May __, 2011, at San Pedro, California.

 

                                                  _____

                                                  HEIDE KURTZ

## DECLARATION OF FRANK L. BROYLES

I, Frank L. Broyles, declare:

1.      I am the proposed purchaser for the subject promissory note (the "Property"). Each of the following facts is of my own knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto.

2.      I have no affiliation with Tod S. Rankin and Peggy Rankin (the "Debtors"), their bankruptcy estate, or Heide Kurtz, the Chapter 7 trustee of the Debtors' bankruptcy estate. I submitted my offer to purchase the Property after reviewing the Trustee's posting about the Property on www.bankruptcysales.com. The proposed sale transaction is the product of arm's-length, good faith negotiations between and among the Trustee, the Trustee's counsel, and the estate, on the one hand, and myself on the other.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on May __, 2011, at Dallas, Texas.


_____
FRANK L. BROYLES

## DECLARATION OF FRANK L. BROYLES

I, Frank L. Broyles, declare:

1.      I am the proposed purchaser for the subject promissory note (the "Property").
Each of the following facts is of my own knowledge, and if called upon and sworn as a witness, I
could and would competently testify thereto.

2.      I have no affiliation with Tod S. Rankin and Peggy Rankin (the "Debtors"), their
bankruptcy estate, or Heide Kurtz, the Chapter 7 trustee of the Debtors' bankruptcy estate. I
submitted my offer to purchase the Property after reviewing the Trustee's posting about the
Property on www.bankruptcysales.com. The proposed sale transaction is the product of arm's-
length, good faith negotiations between and among the Trustee, the Trustee's counsel, and the
estate, on the one hand, and myself on the other.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that this Declaration was executed on May 2, 2011, at Dallas,
Texas.

_____
FRANK L. BROYLES

12

B6B (Official Form 6B) (12/07)

In re _Rankin, Tod S. and Rankin, Peggy S._ _____,   Case No. _2:10-bk-16012-BR_
                    Debtor(s)                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 7. Furs and jewelry. | | *Furs and jewelry*<br>*Location: In debtor's possession* | C | $ 1,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | *Firearms, sport and photographic equipment*<br>*Location: In debtor's possession* | C | $ 500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | | *Kissling Note--8% of Kissling Note inherited from father with $719,000 owing. Debtor received $540 per month* | C | $ 57,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Page __2__ of __3__

EXHIBIT 1   PAGE 13

05-19-2010 13:58    OFFICE DEPOT                                                                PAGES

# PROMISSORY NOTE

**$822,500.00**                                          Effective Date: see below
                                                         Yakima, Washington

The undersigned promise to pay to the order of JOBDOT, LLC, a Washington limited liability company, at Yakima, Washington, *Eight Hundred Twenty Two Thousand Five Hundred and No/100 Dollars ($822,500.00)*, payable in lawful money of the United States of America, with interest thereon in like money from the Effective Date hereof at the rate of *6.00%* per annum, to be paid as follows:

$6,000.00, or more at Makers' option, per month, including interest; the first installment to commence on the earlier of (a) one calendar month after the Effective Date or (b) January 1, 2006, and subsequent installments shall be due on or before the same date of each succeeding month until principal and interest are paid in full. From each monthly installment there shall first be deducted accrued interest to the date of receipt of payment, and the remainder applied to principal. All payments shall be made to an account to be established at Evergreen Note Servicing, Yakima, Washington, and Makers and the holder of this note agree to pay equally the fees for establishing and maintaining such account.

The "Effective Date" herein shall be the earlier of (a) December 1, 2005, or (b) the date upon which Makers commence business operations at the real property which is the security for this note. It is understood between the parties that Makers desire to remodel that real property prior to commencing business therein and it is agreed that Makers shall be entitled to possession thereof as of the date of this Note.

If the balances owing on this Note of principal and interest are not paid as provided above, or if there is a default with respect to the terms and conditions of the collateral security for this Note, if any, then the entire balance of principal and accrued interest shall become immediately due and payable at the option of the holder hereof. From and after the date of maturity (acceleration or otherwise) of this Promissory Note, the balance shall bear interest at the maximum rate allowed by law; provided, if no rate is established by law, then the interest rate shall be *three percent (3%)* above the stated rate of this Promissory Note or *twelve percent (12%)* per annum, whichever is greater.

Each and every party to this Note binds himself jointly and severally hereon as a principal and not as a surety, and all parties hereto, including endorsers, sureties and guarantors, hereby severally waive presentment, demand, protest, notice of nonpayment hereof, any release or discharge arising from any extension of time, discharge of a prior party, or any defense other than actual payment in full hereof, and promise to pay, upon any default or defaults, all costs of collection and reasonable attorney's fees incurred or paid by the holder in protecting or enforcing its rights under this Note. The venue of any suit upon this Note shall be laid in Yakima County, Washington.

_____
Gary J. Kissling

_____
Nancy G. Kissling

EXHIBIT _2_ PAGE _14_

05-19-2010 13:58    OFFICE DEPOT                                PAGE6

RETURN TO:

JOBDOT, LLC
4503 Hilltop Way
Yakima, WA 98908

## DEED OF TRUST

*63971*

---

Reference number(s) of related document: _____

Grantor(s): (1) KISSLING, GARY J.            (2) KISSLINIO, NANCY G.

Grantee(s): (1) JOBDOT, LLC

Abbreviated Legal Description: Lots 9, 10, 11, Block 89, TOWN OF NORTH YAKIMA

Complete legal description is on page 1 of this document.

Assessor's Tax Parcel ID No.: 191319-21443

---

THIS DEED OF TRUST, is made this __9__ day of  August, 2005, between  GARY J.
KISSLING and NANCY G. KISSLING, husband and wife, Grantor, whose address is 5101
Summitview,  #6, Yakima, WA 98908; FIDELITY TITLE COMPANY, Trustee, whose address
is  406 North 2nd Street,  Yakima, Washington 98901, and JOBDOT, LLC, a Washington
limited liability company, Beneficiary, whose address is 4503 Hilltop Way, Yakima, WA 98908.

WITNESSETH:  Grantor hereby bargains, sells and conveys to Trustee in Trust, with
power of sale, the following described real property in Yakima County, Washington:

Lots 9, 10 and 11, Block 89, TOWN OF NORTH YAKIMA, now Yakima,
Washington, according to the plat thereof recorded in Volume "A" of Plats, page
10, re-recorded in Volume "E" of Plats, page 1, records of Yakima County,
Washington.

which real property is not used principally for agricultural or farming purposes, together with all
the tenements, hereditaments, and appurtenances now or hereafter thereunto belonging or in any
wise appertaining, and the rents, issues and profits thereof.

1



7466807
Page: 1 of 4
08/04/2005 63:29P
FIDELITY TITLE COMPANY    DT    $36.00  Yakima Co, WA

EXHIBIT_2__ PAGE 15

05-19-2010 13:56   OFFICE DEPOT                                    PAGE7

This deed is for the purpose of securing performance of each agreement of Grantor herein contained, and payment of the sum of **EIGHT HUNDRED TWENTY TWO THOUSAND, FIVE HUNDRED and NO/100THS DOLLARS ($822,500.00)**, with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by Grantor, and all renewals, modifications and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantor, or any of their successors or assigns, together with interest thereon at such rate as shall be agreed upon.

To protect the security of this Deed of Trust, Grantor covenants and agrees:

1.      To keep the property in good condition and repair; to permit no waste thereof; to restore promptly any building, structure or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property or to allow the Beneficiary to do so.

2.      To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens or encumbrances impairing the security of this Deed of Trust.

3.      To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4.      To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5.      To pay all costs, fees and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.

6.      Should Grantor fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

2

7466807
Page: 2 of 4
08/04/2005 03:29P
FIDELITY TITLE COMPANY        DT    $36.00   Yakima Co, WA

EXHIBIT 2   PAGE 16

05-19-2010 13:59    OFFICE DEPOT                                          PAGE8

## IT IS MUTUALLY AGREED THAT:

1.    In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured hereby, shall be paid to Beneficiary to be applied to said obligation.

2.    By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

3.    The trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

4.    Upon default by Grantor in the payment of any indebtedness secured hereby or in the performance of any agreement contained herein, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; (3) the surplus, if any, shall be distributed to the persons entitled thereto.

5.    Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the property which Grantor had or had the power to convey at the time of his execution of this Deed of Trust, and such as he may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

6.    The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

7.    In the event of the death, incapacity, disability or resignation of Trustee, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all power of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Grantor, Trustee or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

7466607
Page:  3 of 4
06/04/2005 03:28P
FIDELITY TITLE COMPANY    DT    $36.00    Yakima Co, WA

EXHIBIT 2 PAGE 17

05-19-2010 13:59    OFFICE DEPOT                                            PAGE9

8.    This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on their heirs, devisees, legatees, administrators, executors and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

_Nancy Kissling_

**STATE OF WASHINGTON**    )
                          ) ss:
County of Yakima          )

On this day personally appeared before me Gary J. Kissling and Nancy G. Kissling, husband and wife, to me known to be the individuals described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 4th day of August, 2005.

_Christina K. Morehead_
PRINT NAME _____
**NOTARY PUBLIC** in and for the
State of Washington
Residing at Yakima
My commission expires: 8/28/2010

4

7466807
Page: 4 of 4
08/04/2005 03:20P
FIDELITY TITLE COMPANY    DT    $38.00    Yakima Co, WA

EXHIBIT 2 PAGE 1B

05-19-2010 13:59   OFFICE DEPOT                                        PAGE10

## REQUEST FOR FULL RECONVEYANCE
### Do not record.  To be used only when note has been paid.

To:  Trustee:

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above-mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

DATED _____, 200__.

JOBDOT, LLC, a Washington limited liability company

By_____
Thomas B. Grahn, managing partner


By_____
A. B. Coppers, managing partner

5

EXHIBIT 2   PAGE 19

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN PERSONAL PROPERTY; (2) APPROVING OVERBID PROCEDURE; AND (3) FINDING PURCHASER IS A GOOD FAITH PURCHASER; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>May 4, 2011,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Heide Kurtz (TR)     trustee@hkurtzco.com, ca45@ecfcbis.com
- Carmela Pagay     ctp@lnbrb.com
- J Alexandra Rhim     arhim@buchalter.com, smartin@buchalter.com
- Ramesh Singh     claims@recoverycorp.com
- Lindsey L Smith     lls@lnbyb.com
- Michael G Spector     mgspector@aol.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Edward T Weber     bknotice@rcolegal.com
- Gilbert B Weisman     notices@becket-lee.com

☐ Service information continued on attached page

II.  <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served)**:**
On <u>May 4, 2011,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
Roybal Federal Court
255 E. Temple Street, #1660
Los Angeles, CA 90012

☒ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                           **F 9013-3.1.PROOF.SERVICE**

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 4, 2011 | Katie Finn | _Katie Finn_ |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                    **F 9013-3.1.PROOF.SERVICE**

Debtor
Tod S. Rankin
4768 Valle Verde Court
La Verne, CA 91750

Debtor
Peggy Rankin
4768 Valle Verde Court
La Verne, CA 91750

Purchaser
Frank L. Broyles
GUC&L
1201 Elm Street, Suite 4800
Dallas, TX 75270

Interested Parties

Martin S. Granoff
3145 Maple Lane
Davie (Ft. Lauderdale), FL 33328-6715

Rosen Oil and Asset Trust
c/o David Rosen
5002 Thames Court
Midland, TX 79705

David Male
1357 Albany St.
Los Angeles, CA 90015

Scott Jacoby
P.O. Box 5569
Sherman Oaks, CA 91413

Morganford Holding LLC
P.O. Box 23335
Jacksonville, FL 32241

Akhil Kamat
2 Mercer Street, Fl 1,
Jersey City, NJ 07302

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**